## NOTSON v. BARRETT.

Where B. contracted to sell land to N., and bound himself to convey the title upon the payment of the purchase-money as the respective installments became due; and in case of a failure to pay any installment when due, reserved the power to ratify or revoke the contract at pleasure. N. entered upon, improved the land, and paid part of the purchase-money ; but failing to pay the balance at the time stipulated, B. rescinded the

contract, and conveyed the land to another.   B. filed a bill in equity to recover the consideration-money, and compensation for the improvements, without alleging insolvency in B., or fraud in the transaction: it was held that the bill did not confer equity jurisdiction, as it sought compensation and damages without asking for other relief; and also held as the facts involved showed, N. to have an adequate remedy at law, a bill in equity would not lie, and that the demurrer was properly sustained.

IN EQUITY, by writ of error to the Des Moines District Court, under territorial laws.

Notson filed a bill in chancery against Barrett, showing that he had purchased from Barrett a tract of land; had paid part of the consideration-money down, and executed his four notes for the balance, payable in annual installments; and that he had received from Barrett a title bond, providing that if the purchase-money should be paid according to contract, the title should be made; and that if he should not pay the respective sums at the time stipulated, " Barrett reserved to himself the right to ratify or confirm the sale or not." The complainant also alleges that after the contract, he took possession of the land, and made upon it permanent and valuable improvements.   The bill concedes that the balance of the purchase-money had not been paid, and charges Barrett with having rescinded the contract, and of selling the land to another, and prays that Barrett be decreed to refund the consideration money with interest, and pay complainant for the improvements.

To this bill a general demurrer was filed, and sustained by the court below.

*J. C. Hall*, for the plaintiff in error.   In this case the complainant claims a decree for a sum of money paid upon a contract with defendant for the conveyance of real property; also for the value of improvements made upon the land by complainant during the time he was in possession under the contract.

The complainant claims that equity will relieve him from

the loss of the improvements; and, in order to do complete justice, will give the relief prayed for.

The contract gave Barrett the power to rescind it at his option, upon the failure of complainant to pay. The contract was rescinded under that provision by the defendant.

The questions are, 1. Has the complainant a remedy at law? That he has a remedy at law for the money paid, is admitted, but that he has for the improvements, is denied. *Welsh* v. *Welsh*, 5 Ham. Ohio, 425; *Gillett* v. *Maynard*, 5 John. 85; *Towers* v. *Burrel*, 1 Term R. 133; *Frear* v. *Hardenburgh*, 5 John. 272.

That he has a right to recover in equity, see 2 Story's Com. 109; 1 John. Cas. 132, 274; *Todd* v. *Gee*, 17 Vesey, 279; *Woodcock* v. *Bennett*, 1 Cowen, 713.

The complainant here claims that this case stands upon as favorable ground for the interposition of a court of equity, as if the money had been paid and labor expended upon a contract void by the statute of frauds: that the act of the defendant, in voluntarily rescinding and putting an end to the contract, was a waiver of all delinquencies chargeable against the complainant, and left him as securely upon his rights as he would have been had he complied, and not been in default: that Barrett obtained his improvements by his own contract and consent, and was not driven to the necessity of so doing. The equity of the complainant, then, is clear. He does not come here in violation of his contract, only as Barrett has consented; the complainant having foregone his rights under the contract. Barrett cannot set up this contract now to defeat his equity to a just compensation for the benefit which Barrett received by the rescinding of the contract.

*C. Walker*, for the defendant. The demurrer was properly sustained:

1. Because the complainant had no right to come into chancery, to ask a decree for money paid and improvements made, without some special circumstances, as fraud, &c., which is not alleged, as it is not the province of a court of chancery to

Notson *v.* Barrett.

assess damages only as incidental to other heads of relief. *Kernshal* v. *Stone,* 5 John. Ch. R. 193 ; 2 Story's Equity, 104, 109.

If a purchaser has no ground of complaint for specific execution, for reversion of contract on ground of fraud, mistake, or the like, he has no right to the value of improvements. See authorities above.

2. Because time was of the essence of the contract, and Barrett was legally and equitably authorized to re-sell the land, as complainant failed to comply with the contract. *Hatch* v. *Cobb,* 4 John. Ch. Rep. 559 ; *Gillett* v. *Maynard,* 5 John. 89 ; *Gary and Gary* v. *Hull,* 11 John. 440.

3. Complainant's equity is his default in not paying the money ; for he alleges no fraud or any obstacle thrown in his way by Barrett, and a court of equity never aids one who is in default by his own wrong. He has not done equity, and the court will leave him to his fate in a court of law.

4. He may have remedy at law for money paid, which is admitted by complainant, but he cannot have remedy for improvements, in chancery ; because he sets out a violation of contract on his part, rendering it proper to rescind contracts by Barrett according to contract, and in which he shows his negligence as his equity. Just like a case where complainant shows that a contract was made between him and defendant, by which a bond was given by defendant to him, upon his misrepresenting the quality of a horse for which the note was given, and praying a discovery and relief. Here he had no remedy at law, but he should have no assistance from a court in chancery.

*Opinion by* HASTINGS, C. J. The complainant filed a bill in chancery for compensation and damages for improvements made on a tract of land and purchase-money paid, which the defendant, Barrett, had contracted to sell to complainant, and bound himself to deed, upon payment of the purchase-money by installments at specified times ; reserving to himself the power to ratify the contract or not, upon failure to pay at the

time agreed. It seems the complainant failed to pay an installment when due; whereupon the defendant, Barrett, conveyed the premises to his co-defendant. This bill seeks a recovery of the money paid, and compensation for improvements.

The bill does not charge fraud against the defendant ; on the contrary, it appears from the contract appended to the bill, and the facts stated, that he has exercised a right reserved. The question is directly raised here by defendant's demurrer, whether a bill in equity can be sustained for such compensation and damages, seeking no other relief ? " In the present state of the authorities, involving, as they certainly do, some conflict of opinion, it is not possible to affirm more than that the jurisdiction for compensation or damages does not ordinarily attach in equity, except as auxiliary to a specific performance, or to some other relief. If it does attach in any other case, it must be under very special circumstances and upon peculiar equities." 2 Story's Eq. § 799.

There are no special circumstances set forth in this bill which will confer jurisdiction; nothing to show but that the party has a perfect remedy at law. It is true, Barrett has conveyed the land ; but if he had not so conveyed, a court of equity would not compel him to convey to complainant, if he had asserted his right reserved of canceling the contract, on failure to pay the installments when due, time being material. Barrett did not, however, reserve the right to declare a forfeiture of the money paid ; and it is his duty to refund the same, and restore the complainant to his original rights ; as it is well settled, that if a contract be canceled in part, it must be canceled in *toto*.

The rights of the complainant can be asserted in a court of law. The money paid may be recovered ; and whatever may be due from the defendant on account of the cancelation of the agreement, may as well be recovered in law as equity.

If the bill had charged the defendant with insolvency, or in any other manner made out a case showing that he had no re-

medy at law, and that Barrett's vendee had purchased with notice, it possibly might have been sustained; but, as it is, we think the court below did not err in sustaining the demurrer.

Decree affirmed.